STATE, JOSEPH H. BOWNE ET AL., PROSECUTORS, v. JOHN LOGAN ET AL.

When the delay of prosecutors, in applying for a *certiorari*, has permitted the expenditure of money in enterprises of a *quasi* public character, or induced individuals, under the cover of a proceeding of a public nature, to expend their labor or money, the writ ought not to be allowed, or, if allowed, ought to be dismissed upon the facts coming to the attention of the court.

On *certiorari*.

Argued at February Term, 1881, before Justices VAN
SYCKEL and MAGIE.

For the prosecutors, *C. E. Merritt.*

For the defendant, *J. F. Gaskill.*

The opinion of the court was delivered by

MAGIE, J.   This *certiorari* brings up the certificate and
return of surveyors and freeholders of the county of Burling-
ton, in the laying out of a ditch in the township of West-
hampton, under the provisions of the meadow act.  *Rev., p.*
652, §§ 48–85.

Many objections to these proceedings have been made on
the part of prosecutors.   Although these objections are of a
serious character, it is unnecessary to take them into consider-
ation, because, upon the facts disclosed in the case, the writ
ought not to have been allowed, and should now be dismissed.

It appears by the case that the certificate and return was
dated September 21st, 1878, and recorded October 7th, 1878.
The *certiorari* was tested September 18th, 1879, and was re-
turnable at the ensuing November Term. ·

The prohibition of the statute against the issuing of a writ
of *certiorari* after the lapse of eighteen months, relates only to
such writs as are issued to bring up orders, judgments or pro-
ceedings of courts of record.   *Rev., p.* 100, § 12.   In respect
to writs in other cases, the limitation upon their issue is not
to be found in the statute, but in the rules or established
practice of the courts.   *Overseers of Bethlehem* v. *Franklin,* 2
*Dutcher* 210.

By section 67 of the meadow act, (*Rev., p.* 652,) it is pro-
vided that any ditch laid out under the act may, after the ex-
piration of one year, be reviewed and altered, changed or
abolished, by proceedings similar to those provided for the
original laying out.   Under this section, it has been held that
a *certiorari* to review proceedings in laying out a ditch will
not be allowed after a year has elapsed.   *Haines* v. *Campion,*
3 *Harr.* 49.   Three days' additional delay by prosecutors in

applying for this writ would have brought them within this decision, and would thereby have barred them from this relief.

The writ of *certiorari*, however, being discretionary, may be refused when it appears that the public interest will suffer or private injustice will be done. *State* v. *Green*, 3 *Harr.* 179. It has been well settled that if the delay of the prosecutors in applying for the writ has permitted the expenditure of public moneys, the writ will be refused, or, if allowed, will be dismissed when these facts are brought to the attention of the court. *State, Grant, pros.,* v. *Clark,* 9 *Vroom* 102; *State, H. L. & I. Co., pros.,* v. *Hoboken,* 7 *Vroom* 291; *State, Wilkinson, pros.,* v. *Trenton,* 7 *Vroom* 499. The rule has been applied to the case of the opening of public roads, when the delay has extended over three terms of this court. *State, Charlier, pros.,* v. *Woodruff,* 7 *Vroom* 204; *State* v. *Ten Eyck,* 3 *Harr.* 373. The reason for this rule applies with equal force to cases where delay has permitted the expenditure of money in the furtherance of enterprises of a *quasi* public character, or where, under cover of a proceeding of a public nature, individuals have been induced by the delay to expend their own money or labor. It has been extended to both these cases. *Haines* v. *Campion, supra;* *State, Britton, pros.,* v. *Blake,* 6 *Vroom* 208.

In this case it appears that the certificate and return were filed October 7th, 1878; that the other persons interested, very shortly after, proceeded to open that part of the ditch which they were required to open, at considerable expense; that at the time the writ was issued the ditch was substantially completed, except the portion which was laid out on lands of prosecutors. It also appears that prosecutors' lands lie at the head of the ditch, and it may be presumed that they have thereby gained some, at least, of the benefits, the anticipation of which probably induced the then owner of the lands to unite in the application for the ditch. Besides, the prosecutors, before their writ was returned, became entitled by law to apply for a review of this ditch, and to procure it to be altered or abolished, if the public officers appointed for that

Bowne v. Logan.

purpose should adjudge it just and reasonable so to do. So the delay of prosecutors in applying for this writ has permitted individuals to expend their labor and money in an enterprise which has doubtless benefited prosecutors' lands, and they have already acquired a right to a review of this proceeding on its merits. Under these circumstances, I think it would be unjust to permit prosecutors to urge any objections to these proceedings, under a writ sued out after such delay.

The writ ought therefore to be dismissed, with costs.